UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE MANUEL AGUIAR, Plaintiff, and
similarly situated individuals,

    Plaintiff,

vs.

DR. PEPPER/SEVEN UP, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE MANUEL AGUIAR (hereinafter "AGUIAR" or "Plaintiff"), and similarly situated individuals, sues Defendant, DR PEPPER/SEVEN UP, INC. ("DR PEPPER"), and states:

## VENUE/JURISDICTION

1. This is an action which arises under Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et. seq.*

2. Jurisdiction is founded on 28 § U.S.C. 1331.

## PARTIES

3. AGUIAR was, at all times material to this Complaint, employed by DR PEPPER in Miami-Dade County.

4. AGUIAR was an "eligible employee", within the meaning of the FMLA, 29 U.S.C. § 2611(2), during the time that he worked for the DR PEPPER.

5. DR PEPPER is an "employer" within the meaning of the FMLA, 29 U.S.C. §

2611(4).

## FACTUAL ALLEGATIONS

6. AGUIAR began working for DR PEPPER on May 15, 2015 and was fired on May 4, 2017.

7. AGUIAR suffered an injury at work in December 2016

8. DR. PEPPER suspended AGUIAR on December 14, 2016 while the matter was being investigated.

9. AGUIAR learned that he had cancer while he was on leave.

10. AGUIAR had surgery related to his cancer on January 23, 2017.

11. On March 24, 2017, Unum Insurance company contacted AGUIAR and told him that DR. PEPPER had placed him on short term disability, unbeknownst to AGUIAR.

12. AGUIAR was fit enough to return to work in April 2017.

13. AGUIAR's doctor noted on a Disability Claims Form he signed on April 5, 2017 that AGUIAR had "no restrictions."

14. AGUIAR called the human resources coordinator for the Southeast region several times in early April asking about a return date.

15. On April 11, 2017, AGUIAR presented DR. PEPPER with a letter from his doctor stating "He is medically clear to return to work on 4-17-2017 with no restrictions."

16. Despite this clearance, AGUIAR was terminated on May 4, 2017.

17. AGUIAR missed approximately three months of work due to his condition.

## COUNT I

### (VIOLATION OF FMLA-INTERFERENCE/TERMINATION)

18. AGUIAR notified Defendant of his need for leave under the FMLA.

19. DR PEPPER discharged AGUIAR as a result of AGUIAR's need to take FMLA leave and his leave.

20. Defendant's discharge of AGUIAR constitutes a violation of both 29 U.S.C. § 2615 (a)(1) and (a)(2).

21. DR PEPPER intentionally interfered with AGUIAR's rights under the FMLA when he was discharged or showed a reckless disregard for such rights when he was discharged because of his need to take FMLA leave.

22. WHEREFORE, AGUIAR demands judgment against DR PEPPER and for reinstatement, compensatory damages, liquidated damages, front pay, backpay, prejudgment interest, injunctive relief, attorney's fees and costs, pursuant to 29 U.S.C. § 2617, and such other relief as this Court deems proper.

## JURY DEMAND

AGUIAR demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829